UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MOSI CHILDRESS,

        Plaintiff,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION, et al.,

        Defendants.

Case No. 2:16-cv-1108
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

Plaintiff Mosi Childress objects to the Magistrate Judge's recommendation that his Complaint be dismissed for failure to state a claim. For the following reasons, the Court **OVERRULES** Plaintiff's Objections [ECF No. 6], **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation [ECF No. 3], and **DISMISSES** Plaintiff's Complaint with prejudice.

### I.

Proceeding in forma pauperis, Plaintiff brings this action for monetary and injunctive relief against Defendants Jenkins (Warden of the Chillicothe Correctional Institution (CCI)), Gary Mohr (Director of the Ohio Department of Rehabilitation and Correction (ODRC)), and Amy Hamilton (Administrative Assistant to the Warden of CCI). (Compl. at 1–3 [ECF No. 1-1].)

Plaintiff alleges that his brother, Leonard Walker, then an inmate at CCI, was issued a conduct report for allegedly possessing drugs. (Compl. at 2.)[1] As a result of this incident, and "[w]ithout any evidence of wrongdoing" on Plaintiff's part, Plaintiff alleges that he was permanently prohibited from visiting or sending packages to his brother. (*Id.*) This prohibition

---

[1] Walker has filed a separate action in this Court—Case No. 2:16-cv-769.

purportedly violates Plaintiff's rights to visitation and association under the First and Fourteenth Amendments to the United States Constitution. (*Id.* at 2–3.) Plaintiff seeks damages under 42 U.S.C. §§ 1983 and 1985. (*See id.* at 1.) And he seeks injunctive relief—the removal of the visitation restriction—under Federal Rule of Civil Procedure 65. (*See id.* at 1, 3.)

Plaintiff further alleges that he received a notice in the mail informing him that his visiting privileges had been terminated. (Compl. at 3.) This notice, because it "directly labelled Plaintiff as having taken part in some sort of crime of conveying drugs into a correctional facility" and was "published to all relevant staff at CCI, and within ODRC," allegedly defamed Plaintiff. (*Id.*)

In her review of the Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge determined that Plaintiff has failed to plausibly state a claim to relief. (Report & Recommendation at 1 [ECF No. 3].) As the Magistrate Judge explained, Plaintiff cannot allege that he has been deprived of a constitutional right because "'a citizen simply does not have a right to unfettered visitation of a prisoner that rises to a constitutional dimension. In seeking entry to such a controlled environment, the visitor simultaneously acknowledges a lesser expectation of privacy.'" (*Id.* at 3–4 (quoting *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995)).)

Plaintiff now objects to the Report and Recommendation. He insists that he can state a plausible constitutional claim. (*See* Obj. at 1–2 [ECF No. 6].)

## II.

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions

2

of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the Magistrate Judge's recommendation on her screen of the Complaint that this case be dismissed. When screening a complaint under 28 U.S.C. § 1915(e)(2), courts apply the same standard that they use when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ransom v. Owens-Illinois, Inc.*, No. 2:14-cv-1845, 2014 WL 7184412, at *1 (S.D. Ohio Dec. 16, 2014).

Under Federal Rule 12(b)(6), a court may dismiss an action if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of

3

a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

**B.     Objections**

Plaintiff argues that he has been denied two constitutional rights: the right to visitation and the right to association. (*See* Obj. at 1–2 [ECF No. 6].) These alleged rights are, however, essentially the same. They both purportedly safeguard Plaintiff's ability to visit his brother in prison. (*See id.*) Consequently, the Court addresses them together.

To begin, Plaintiff attempts to distinguish *Spear v. Sowders*, 71 F.3d at 630—the case relied on by the Magistrate Judge—from the present case. (Obj. at 1–2.) He explains that the plaintiff in that case was an inmate's friend who complained of having to undergo a body cavity search to visit the inmate. (*Id.*) This case, Plaintiff notes, involves an inmate's relative who has been denied visitation irrespective of whether he would be willing to submit to a search. (*Id.*)

Based on the way Plaintiff has framed the Complaint in his Objections, the Court agrees that this case and *Spear* involve different legal issues. In *Spear*, the Sixth Circuit considered whether the defendants violated the constitution by requiring the plaintiff to submit to a body cavity search as a condition of visiting an inmate. *See* 71 F.3d at 630–31. Given that a prison visitor has a lesser expectation of privacy than a person does in other circumstances, the court concluded that the plaintiff was properly required to submit to a body cavity search as a

4

condition of her visitation because the defendants had reasonable suspicion to conduct the search. *See id.*

This case, by contrast, purportedly involves a constitutional challenge to a prison regulation. As Plaintiff explains in his Objections: "The issue in this case then is whether deference must be shown to prison officials in matters involving institutional security; the proper standard of review of a prison regulation under constitutional challenge is whether it is reasonably related to a legitimate, penological interest." (Obj. at 2.) Plaintiff argues, in other words, that the Court should apply here the analysis from *Turner v. Safely*, 482 U.S. 78, 85, 89–90 (1987). In *Turner*, the Supreme Court outlined a standard for determining whether a prison regulation violates an inmate's Constitutional rights. 482 U.S. at 85. Under the *Turner* analysis, courts consider four factors to determine whether a challenged regulation is reasonably related to legitimate penological interests. *Id.* at 89. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." *Id.* (quoting *Block v. Rutherford*, 468 U.S. 576, 586 (1984)). Second, courts consider "whether there are alternative means of exercising the [constitutional] right that remain open" to the inmate. *Id.* at 90. Third, courts evaluate the impact an accommodation of the constitutional right "will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* And fourth, courts determine whether ready alternatives exist to the challenged regulation. *Id.*

Plaintiff may have a right to associate with his brother. As the Supreme Court explained in *Overton v. Bazzetta*, "the Constitution 'protects certain kinds of highly personal relationships.'" 539 U.S. 126, 131 (2003) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 618 (1984)) (applying the *Turner* analysis to family members' right to visit inmates); *see*

5

*also Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 298–99 (6th Cir. 2015) (applying the *Turner* analysis to a former inmate's right to visit with his children while in prison).

The problem, though, with Plaintiff's argument is that he never identifies in his Complaint—or in his Objections—the prison regulation that he is challenging. (*See generally* Compl. [ECF No. 1-1]; Obj. [ECF No. 6].) Plaintiff vaguely references a letter terminating his visitation privileges, but he offers almost no description of the contents of that letter, and he provides no explanation of the regulatory basis upon which the decision to terminate his visitation privileges was made. (*See* Compl. at 2–3.) Without identifying the challenged regulation, or at least identifying the regulatory framework under which the visitation decision was made, the Court cannot plausibly infer that Defendants have violated Plaintiff's constitutional rights.

## C.     Defamation Claim

The Magistrate Judge did not address Plaintiff's defamation claim in her Report and Recommendation. And Plaintiff, in turn, did not discuss it in his Objections. The Court addresses the claim now. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim . . . .").

As noted earlier, Plaintiff alleges that he was defamed when Defendants published the notice terminating his visiting privileges to CCI staff. (Compl. at 3.) By publishing the notice, Plaintiff contends that Defendants labeled him as having committed "some sort of crime of conveying drugs into a correctional facility." (*Id.*)

"Defamation is a false publication that injuries a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business." *Sweitzer v. Outlet Commc'ns, Inc.*, 726 N.E.2d 1084, 1088 (Ohio Ct. App. 1999). To

6

establish defamation under Ohio law, a plaintiff must show "'(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement.'" *Anthony List v. Driehaus*, 779 F.3d 628, 632–33 (6th Cir. 2015) (quoting *Am. Chem. Soc'y v. Leadscope, Inc.*, 133 Ohio St. 3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 77).

"A written statement falsely charging a party with [the] commission of a crime is defamation per se, and harm to the individual is presumed." *Capital One Bank (USA), NA v. Reese*, 11th Dist. Portage No. 2014-P-0034, 2015-Ohio-4023, ¶ 76. A defendant publishes a defamatory statement if he communicates it to someone other than the person defamed. *Stafford v. Jewelers Mut. Ins. Co.*, 554 F. App'x 360, 375 (6th Cir. 2014). And regarding the degree of fault required here, Ohio has adopted an ordinary negligence standard for actions involving a private individual defamed in a statement about a matter of public concern. *Gilson v. Am. Inst. of Alt. Med.*, 10th Dist. Franklin No. 15AP-548, 2016-Ohio-1324, ¶ 41.

Plaintiff has failed to state a plausible defamation claim. Plaintiff offers almost no description of the purportedly defamatory notice that Defendants published to CCI staff. Plaintiff simply indicates that the notice was "dated and signed by the Defendant on Dec. 01, 2014" and that, somewhere in the notice, it stated: "Termination of Visiting Privileges." (Compl. at 3 [ECF No. 1-1] (internal quotation marks omitted).) These allegations are insufficient for the Court to plausibly infer that Defendants made a false statement of fact or that the statement was defamatory. Plaintiff alleges that, through the notice, he was falsely labeled as having committed a crime. (*Id.*) But this conclusory allegation, without additional factual support—such as a

7

description of what the notice actually stated—cannot save Plaintiff's defamation claim. The claim is, accordingly, dismissed.

### III.

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections [ECF No. 6], **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation [ECF No. 3], and **DISMISSES** Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

\_\_\_\_3-13-2017\_\_\_\_  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**CHIEF UNITED STATES DISTRICT JUDGE**

8